UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRISHAUNA WALSH,
on behalf of S.J.W.,

        Plaintiff,

v.                                                          1:16-CV-1413
                                                           (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LEGAL AID SOCIETY OF NORTHEASTERN,     MARY MARTHA WITHINGTON, ESQ.
NEW YORK—SARATOGA SPRINGS
  Counsel for Plaintiff
40 New Street
Saratoga Springs, New York 12866

SOCIAL SECURITY ADMINISTRATION         KATHRYN S. POLLACK, ESQ.
OFFICE OF REGIONAL GENERAL COUNSEL
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court in this Social Security disability benefits action, filed by

Trishauna Walsh ("Plaintiff") on behalf of the minor child S.J.W. against the Commissioner of

Social Security ("Defendant") pursuant to 42 U.S.C. § 1383(c)(3), are (1) the Report-

Recommendation of United States Magistrate Judge William B. Mitchell Carter, issued pursuant

to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for

1

this Court recommending that the Commissioner's decision be affirmed and Plaintiff's Complaint be dismissed, (2) Plaintiff's objection to the Report-Recommendation, and (3) Defendant's response to Plaintiff's objections. (Dkt. Nos. 15, 16, 17.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed.

I.  **RELEVANT BACKGROUND**

    A.  **Procedural History**

On November 25, 2009, Plaintiff applied for childhood disability benefits pursuant to Title XVI of the Social Security Act on behalf of the minor child, S.J.W. (*See* Administrative Transcript ["T."] at T. 376). Generally, Plaintiff alleged a disability beginning November 25, 2009, which consisted of a hearing impairment. (T. at 152, 376.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). On March 30, 2011, Plaintiff and S.J.W. appeared at a hearing before ALJ Carl E. Stephan. (T. at 73-88.) On April 25, 2011, the ALJ issued a written decision finding S.J.W. not disabled under the Social Security Act. (T. at 40-55.) Plaintiff appealed that decision to the Appeals Council, which denied Plaintiff's request for review on April 3, 2012. (T. at 1-3.) Plaintiff then appealed to the United States District Court for the Northern District of New York and, on March 25, 2014, United States District Judge William G. Young reversed the ALJ's decision and remanded the case to the Commissioner for further proceedings consistent with his Decision and Order. (T. at 420-84.) On September 10, 2014, the Appeals Council remanded the case consistent with District Judge Young's Decision and Order. (T. at 487.) On June 2, 2015, Plaintiff and S.J.W. appeared at a hearing before ALJ Stephan. (T. at 396-415.) On August 13,

2015, the ALJ again issued an unfavorable decision, finding S.J.W. not disabled under the Social Security Act. (T. at 373-88.) Plaintiff appealed that decision to the Appeals Council, which declined to assume jurisdiction over the case on September 16, 2016. (T. at 364-66.) Plaintiff appealed to this Court.

In his decision, the ALJ rendered the following five findings of fact and conclusions of law: (1) S.J.W. was a preschooler at the date the application was filed and a school-age child at the time of the decision; (2) S.J.W. had not engaged in substantial gainful activity since the application filing date; (3) S.J.W. had severe impairments of moderately severe bilateral hearing loss and speech and language delays; (4) S.J.W.'s impairments or combination of impairments did not meet or medically equal any listed impairment (specifically, Listing 102.10); and (5) S.J.W.'s impairments or combination of impairments did not functionally equal the listings. (T. 373-88.)

Generally, in his brief, Plaintiff asserted three arguments. (Dkt. No. 10, at 15-22 [Pl.'s Mem. of Law].) First, Plaintiff argued that the ALJ erred by finding S.J.W.'s hearing disorder did not result in a marked limitation in speech/language necessary to meet Listing 102.10(B) because (a) S.J.W.'s bilateral hearing loss with severe speech/language delay and borderline intellectual functioning equates to a finding of disability under the Regulations, (b) the ALJ relied on the opinions of medical care providers who lacked the appropriate expertise and/or did not have a complete record to review, (c) the ALJ failed to seek clarification from S.J.W.'s pediatrician regarding inconsistencies in his opinion, and (d) the ALJ incorrectly found Plaintiff's testimony not entirely credible as to S.J.W.'s educational and functional limitations. (*Id.* at 15-18.) Second, Plaintiff argued that the ALJ erred by failing to find S.J.W. had marked

limitations in the functional domains of acquiring and using information, attending and completing tasks, and interacting and relating with others when (a) extensive evidence in the record and the testimony of Plaintiff establishes S.J.W.'s ongoing difficulty carrying out tasks associated with several domains, (b) diagnostic testing (in particular, CELF-4 testing) in 2010 and 2013 revealed that S.J.W. has a severe deficit in receptive and expressive language skills, and (c) S.J.W. receives special accommodations and continual supervision while in school and he is not able to complete similar tasks as peers without the same level of supervision and support. (*Id.* at 18-20.) Third, and last, Plaintiff argued that the ALJ's decision goes against substantial evidence in the record and is incorrect as matter of law because the ALJ (a) found S.J.W.'s deficits in receptive and expressive language skills resulted in a marked impairment in the domain of interacting/relating to others but erred in failing to similarly find S.J.W.'s language deficits resulted in a marked limitation in the domains of acquiring/using information and/or attending/completing tasks, and (b) unfairly discounted the valuable opinion evidence of non-medical sources, educators, and the testimony of Plaintiff when assessing the severity of S.J.W.'s impairments. (*Id.* at 20-22.)

Generally, in her response to Plaintiff's memorandum of law, Defendant asserted four arguments. (Dkt. No. 13, at 7-19 [Def.'s Mem. of Law].) First, Defendant argued that substantial evidence supports the ALJ's finding that S.J.W. does not meet or medically equal Listing 102.10(B)(3) because his hearing test results do not meet the minimum threshold requirement of 50 decibels and Plaintiff has not presented other medical evidence that effectively met the Listing. (*Id.* at 7-10.) Second, Defendant argued that the ALJ reasonably determined that S.J.W.'s impairments do not functionally equal a listed impairment and properly concluded

that, while S.J.W. has hearing/speech delays and receives educational support services in school, the opinions of medical experts and S.J.W.'s teachers do not show marked limitations in the relevant domains other than in the domain of interacting and relating to others. (*Id.* at 10-17.) Third, Defendant argued that the ALJ thoroughly considered Plaintiff's testimony within his evaluation but found that the testimony was not entirely consistent with "marked" or "extreme" deficits in age-appropriate functioning. (*Id.* at 17-18.) Fourth, and last, Defendant argued that, because the ALJ's finding is properly supported by the evidence in the record, an award of benefits is not warranted. (*Id.* at 18-19.)

### B. Magistrate Judge Carter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered four findings of fact and conclusions of law. (Dkt. No. 15, at 8-23 [Report-Recommendation, 10/18/2017].) First, Magistrate Judge Carter found that the ALJ properly found that S.J.W. does not meet Listing 102.10 because evidence in the record shows that S.J.W. did not establish the required air conduction values, and because the record shows that, although S.J.W. has mild articulation delay, his language skills are within normal limits based on tests performed by Dr. Cervera, Dr. Guerin, and Dr. Megyeri. (*Id.* at 8-11.)

Second, Magistrate Judge Carter found that the ALJ's finding that S.J.W. did not functionally equal the listings is supported by substantial evidence in the record because the ALJ considered the opinions of treating and non-treating sources, special accommodations in school, academic testing, language difficulties, and teacher evaluations when concluding that S.J.W. had a marked limitation in the domain of interacting/relating to others but only less-than-marked limitations in the domains of acquiring/using information and attending/completing tasks. (*Id.* at 11-21.)

Third, Magistrate Judge Carter found that the ALJ reasonably found Plaintiff's testimony generally credible but inconsistent with other evidence in the record and properly determined that S.J.W. did not have any marked deficits in age-appropriate functioning based on his overall cognitive functioning, ability to focus and pay attention, and social interaction and engagement. (*Id.* at 21-23.)

Fourth, and last, Magistrate Judge Carter recommended that, based on his finding that the ALJ's decision was supported by substantial evidence, remand for an award of benefits is not appropriate. (*Id.* at 23.)

### C.   Plaintiff's Objections to the Report-Recommendation

Generally, Plaintiff makes three objections to the Report-Recommendation. (Dkt. No. 16, at 2-5 [Pl.'s Obj.].)  First, Plaintiff argues that S.J.W.'s hearing loss, while slightly less than needed to meet Listing 102.10(B)(3), medically equals either Listing 102.10(B) or Listing 112.05(B) when combined with his severe deficits in expressive and receptive language skills and his borderline intellectual functioning. (*Id.* at 2-3.)

Second, Plaintiff argues that S.J.W.'s hearing loss, deficits in expressive and receptive language skills, and borderline intellectual functioning also result in marked impairments in the functional domains of acquiring/using information, attending/completing tasks, and interacting/relating with others because (a) CELF-4 testing conducted in 2010 and 2013 confirmed S.J.W. has a severe speech and language impairment, (b) record evidence establishes S.J.W. has a marked impairment in the domain of interacting/relating to others, and (c) S.J.W.'s academic performance has never been at grade level, and his overall academic record and the opinion evidence indicates that he has a marked to extreme impairment in the domain of

acquiring/using information.  (*Id.* at 3-4.)  Plaintiff also argues that it was improper for Magistrate Judge Carter to uphold the ALJ's findings related to functional equivalence due to the ALJ's inconsistent reliance on objective testing; particularly, Plaintiff argues that the ALJ's findings are undermined by his reliance on that testing to find a marked impairment in one domain and refusal to rely on the same evidence to find marked impairment in other domains.  (*Id.* at 5.)

Third, Plaintiff argues that Magistrate Judge Carter erred by focusing on the testimony of S.J.W. rather than that of Plaintiff; while S.J.W. offered testimony only once, Plaintiff testified at two administrative hearings and her testimony was consistent with triennial reports she made to the school district and in the case record.  (*Id.* at 4-5.)

### D. Defendant's Response to Plaintiff's Objections

Generally, in response to Plaintiff's objections, Defendant makes five arguments.  (Dkt. No. 17, at 2-6 [Def.'s Resp. to Pl.'s Obj.].)  First, Defendant argues that the Magistrate Judge correctly upheld the ALJ's finding that S.J.W. does not meet Listing 102.10(B) because S.J.W.'s hearing tests failed to meet the threshold values required by the listing and evidence in the record fails to establish he has a marked limitation in receptive/expressive language skills to medically equal the listing.  (*Id.* at 2-4.)

Second, Defendant argues that Plaintiff's newly asserted argument that S.J.W.'s impairments medically equal Listing 112.05(B) should be disregarded because Plaintiff did not raise this argument before the Magistrate Judge.  (*Id.* at 4.)  Defendant argues that, alternatively, Plaintiff's argument is meritless because Listing 112.05(B) applies to children who are precluded from the appropriate testing and S.J.W. underwent that testing twice; further, Defendant argues

that, although S.J.W.'s test scores place him in the borderline to low average range, they do not deviate below the mean. (*Id.*)

Third, Defendant argues that Plaintiff's continuing argument that substantial evidence shows S.J.W. has less than marked limitations in the domain of acquiring/using information is without merit because the ALJ thoroughly considered S.J.W.'s academic history, test results, and the assessments of Dr. Merechi, Teacher Scott, Dr. Gussoff, and Dr. Fuhrman when concluding that he does not have a marked limitation in acquiring/using information; in addition, the ALJ properly assessed S.J.W.'s receptive/expressive language skills based on CELF-4 testing but did not rely on this assessment to conclude that S.J.W. had greater deficits in acquiring/using information based on the totality of the evidence in the record. (*Id.* at 4-5.) Defendant also argues that the ALJ considered S.J.W.'s special accommodations in school but that accommodations, on their own, do not determine a claimant's limitations; rather the evidentiary record as a whole must be considered. (*Id.*)

Fourth, Defendant argues that the Magistrate Judge, like the ALJ, considered the testimony of both S.J.W. and Plaintiff when making the credibility determination. (*Id.* at 5.)

Fifth, and last, Defendant argues that, because Plaintiff failed to point to any actual error in the Report-Recommendation, the Magistrate Judge's findings should be upheld. (*Id.* at 5-6.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review of Magistrate Judge Carter's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. County of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

**B.    Standard Governing Judicial Review of Defendant's Decision**

In Part III.A of his Report-Recommendation, Magistrate Judge Carter correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 15, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

## III.    ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Carter's Report-Recommendation, the Court concludes that Magistrate Judge Carter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 15.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. To those reasons, the Court would add only the following analysis.

Plaintiff's first, second, and fourth arguments for rejecting the Report-Recommendation consist mainly of reiterations of arguments previously asserted in her memorandum of law rather than specific objections to the Report-Recommendation. (*Compare* Dkt. No. 16 at "Argument" [Pl.'s Obj.] *with* Dkt. No. 10 at "Argument" [Pl.'s Mem. of Law].) As a result, these "challenged" portions of the Report-Recommendation are entitled to only a clear-error review, which they easily survive. It is not the function of this Court to re-weigh evidence on appeal from a decision of the Commissioner, but rather to determine whether substantial evidence supports the Commissioner's decision. *See Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) (Cholakis, J.) ("[I]t is not the function of the reviewing court to reweigh the evidence.")

(citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 [2d Cir. 1983]); *accord Warren v. Comm'r of Soc. Sec.*,15-CV-1185, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) (Carter, M.J.) *Report-Recommendation adopted by* 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) (Suddaby, C.J.).  The Court finds no discernable error in Magistrate Judge Carter's conclusion that the ALJ's findings regarding Listing 102.10(B), the weight afforded to the opinion evidence, or functional equivalence were supported by substantial evidence.  Notably, Magistrate Judge Carter discussed at length the evidence supporting the ALJ's determination.

As to the portion of Plaintiff's first argument that S.J.W.'s hearing loss, in combination with his alleged borderline intellectual functioning, medically equals the requirements under alternative Listing 112.05(B), this argument could have been, but was not, presented to Magistrate Judge Carter for consideration.  As a result, the "challenged" portion of the Report-Recommendation is entitled to only a clear-error review, which it easily survives.[3]  S.J.W.'s alleged borderline intellectual functioning and overall receptive/expressive language skills do not meet the requirements of Listing 112.05(B) given that S.J.W.'s IQ scores (72 and 84, respectively) exceed the threshold score of 70 or below required under that listing and Plaintiff has presented no evidence that S.J.W. received a 70 or below in the verbal portion of the IQ test to effectively meet subpart (1)(b) of the listing.  There is therefore no discernable reason why the ALJ should have considered Listing 112.05(B), or why Magistrate Judge Carter should have found error in the ALJ's failure to consider that listing.

---

[3] Plaintiff's argument would fare no better even if *de novo* review were applicable. *See Dallio v. Hebert*, 678 F. Supp. 2d 35, 42 (N.D.N.Y. 2009) (Suddaby, J.) ("On *de novo* review, a district court will ordinarily refuse to consider arguments, case law, or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.").

Lastly, Plaintiff's third argument is unavailing.  Plaintiff argues in a cursory fashion that "Magistrate Judge Carter . . . erred in focusing on the testimony of [S.J.W.] and not his mother in the Report and Recommendation," despite the remand order requiring the ALJ to reevaluate Plaintiff's (not S.J.W.'s) credibility.  (Dkt. No. 16, at 4-5 [Pl.'s Obj.].)  However, contrary to Plaintiff's objection, Magistrate Judge Carter clearly analyzed the ALJ's consideration of Plaintiff's testimony and did not even discuss the S.J.W.'s testimony in the relevant analysis. Plaintiff's objection is a clear misreading of the Report-Recommendation and contains no true objection.  The Court therefore finds no discernable error (much less clear error) in Magistrate Judge Carter's review of the ALJ's credibility finding.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's decision denying Social Security benefits is **AFFIRMED** and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 9, 2018
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief United States District Judge